```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION
```

UNITED STATES OF AMERICA         )
ex rel. RODERICK DOXY,           )
                                 )
            Petitioner,          )
                                 )
     v.                          )    No.  13 C 6842
                                 )
RICK HARRINGTON, Warden, etc.,   )
                                 )
            Respondent.          )

                        MEMORANDUM ORDER

 This week's delivery of newly-filed cases to this Court's calendar via random assignment included the 28 U.S.C. §2254[1] Petition for Writ of Habeas Corpus ("Petition") filed on behalf of state prisoner Roderick Doxy ("Doxy").[2]  This Court has promptly engaged in the preliminary review of the Petition and its accompanying documents called for by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules") and determined that the action must go forward.  What follows is a brief recapitulation of the several

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

[2] Because Doxy is represented here by the Cook County Public Defender's office, there is no need to consider providing him with representation (as is so frequently the case when state prisoners have filed a self-prepared Section 2254 petition).  But his counsel's submission of an In Forma Pauperis Application ("Application"), often tendered by pro se habeas petitioners as well, appears to operate under the mistaken belief that the filing fee for such petitions is comparable to that required for conventional civil lawsuits.  Not so--the only filing fee is the modest sum of $5.  Accordingly the Application is denied, and Doxy is expected to pay the $5 filing fee within two weeks.

threshold inquiries that necessarily precede such a determination.

To begin with, Doxy has satisfied the requirement of Section 2254(d)(1)(A) of exhaustion of the remedies available in the state court system. Petition ¶4 and Ex. 1 confirm his unsuccessful direct appeal from his conviction to the Illinois Appellate Court, while Petition ¶5 and Ex. 2 reflect his unsuccessful effort to obtain leave to appeal to the Illinois Supreme Court. Lastly on that score, Petition ¶¶6 and 7 explain that the constitutional issue that he seeks to raise here was expressly presented to both the Appellate Court and the Illinois Supreme Court.

Next, the Petition here is clearly timely in terms of the one-year limitation period prescribed by Section 2244(d)(1)(A). Petition ¶5 and Ex. 2 show that the denial of Doxy's petition for leave to appeal to the Illinois Supreme Court came on September 26, 2012. Even without the additional 90-day period that the caselaw allows for seeking a writ of certiorari from the United States Supreme Court (that is viewed as called for by the language "the conclusion of direct review or the expiration of the time for seeking such review" in Section 2244(d)(1)(A)), the filing of the Petition would have beaten the one-year time clock by a few days.

Finally, the gatekeeping limitation prescribed by Section

2254(d) appears on its face to have been satisfied by the Petition's citation to United States Supreme Court decisions applicable to the ground on which Doxy relies in charging that his federal constitutional right to a fair trial was violated by his state court prosecution.  Whether that ultimately proves to be the case is of course unknown at this threshold stage, but Roxy's showing is surely adequate to call for further proceedings.

Accordingly Section 2254 Rule 4 requires that respondent Warden Rick Harrington file an answer to the Petition, and this Court so orders.  That answer, together with any other documentation called for by Section 2254 Rule 5, must be filed on or before November 8, 2013.[3]

                                              _____
                                              Milton I. Shadur
                                              Senior United States District Judge

Date:   September 30, 2013

---

[3] In what has to be an astonishing coincidence, this Court's attention has been called to an article that appeared this week in the Huffington Post, reporting on an incident that occurred earlier this month in the courtroom of Judge Diane Gordon-Cannon, whose conduct as the trial judge in Doxy's case forms the gravamen of his charge of constitutional violation-- deprivation of the right to a fair trial--that fuels the current Petition.  If it proves that an evidentiary hearing is required to resolve the Petition, counsel should be prepared to discuss whether that other incident would or would not fit within the admissibility exceptions to Fed. R. Evid. 404(b).