IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION

UNITED STATES OF AMERICA         )
ex rel. RODRICK DOXY #R67836,    )
                                 )
             Petitioner,         )
                                 )
      v.                         )    No.  13 C 6842
                                 )
RICK HARRINGTON, Warden, etc.,   )
                                 )
             Respondent.         )

                    MEMORANDUM OPINION AND ORDER

     In compliance with this Court's September 30, 2013 directive under Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"), the Illinois Attorney General's Office has weighed in with a nearly 5-inch-thick response, comprising an Answer and the associated documents called for by Section 2254 Rules 5(c) and (d).  This memorandum opinion and order should certainly not be mistaken as critical of defense counsel's faithful compliance with those documentary demands, but much of the material has turned out to be superfluous--only portions of the response are needed to show that petitioner Rodrick Doxy ("Doxy") has accumulated three strikes in a contest in which any one of them suffices to defeat the habeas corpus relief that he seeks.

     In brief, the asserted constitutional deprivation claimed by petitioner Doxy is that the exclusion of his aunt Camilla Clifton ("Clifton") from his post-trial and sentencing proceedings violated his Sixth Amendment right to a public trial (that is the

only contention, out of the four appellate issues that Doxy raised on his direct appeal, that he attempted to carry to the Illinois Supreme Court, which denied leave to appeal on September 26, 2012). As for the circumstances of Clifton's exclusion, the trial judge in the Circuit Court of Cook County had been told by the prosecutor during pretrial proceedings that asserted victim Kimberly Todd ("Todd")[1] had reported that she had received threats to discourage her from testifying against Doxy.

Doxy himself was not charged with responsibility for those threats. Instead the trial judge specifically said that with Doxy in custody, "he's not out on the streets intimidating people." That statement was a prelude to the trial judge's warning:

> If any family members or friends of [his] are doing that...they will be charged.

Before voir dire the trial judge coupled that warning with an express caveat about cell phone use (Petition Ex.C at F 11-12):

> If anyone has a cell phone in their possession in this courtroom, outside my hall or in this building while this case is pending, you are in contempt of Court and you will be held in custody and tried on your own. Is that clear?
>
> That goes for the State's witnesses, for the defense witnesses, for the State's family members, for the defense family members.
>
> Should anyone have a cellphone, I suggest you leave,

---

[1] Doxy was charged and then convicted of the attempted murder of Todd by shooting her.

2

>     put it in a car, go to a store, leave it with the
>     owner.
>
>     Do not come into this building while this case is
>     pending with a cellphone on or off.  Don't come here
>     with a cell phone.

Just after jury selection, however, when the judge followed the jury to lunch, she saw Clifton in a hallway outside the courtroom with her cell phone "up and out and on." And that direct violation of such a recent and unequivocal admonition led the trial judge to hold Clifton in contempt and remand her to the Cook County Department of Corrections.

When the judge notified Doxy and his lawyer that Clifton had been found in contempt and remanded without bail, Doxy voiced no objection to the contempt finding and made no claim of violation of his right to a public trial. Then, after a one-day trial, Doxy was convicted on the attempted murder charge. Two days later Clifton was before the trial court on contempt proceedings and was released with instructions not to enter the criminal courthouse unless she herself had a case there.

Some 2-1/2 months later Doxy filed a motion for new trial (again with no assertion of any violation of his Sixth Amendment right to a public trial). That new trial motion was denied and Doxy was sentenced to a 40-year custodial term. Although Clifton was not present during those proceedings, Doxy's mother, sister, stepfather and another aunt <u>were</u> present throughout the hearing.

That recital clearly calls into play more than one

3

fundamental principle governing Section 2254 proceedings, any one of which is fatal to federal habeas relief. This opinion deals with each in short order.

First among Doxy's basic deficiencies is his impermissible effort to bootstrap himself by characterizing his habeas claim as something it is clearly not. Here are two telling excerpts from pages 23 and 27 of his Petition:

> Although the contempt finding against Ms. Clifton is not the subject of this petition, it cannot be ignored since it formed the basis of the trial court's gratuitous order, after releasing her from contempt, to never return to the criminal courts building.

> \*   \*   \*

> This Court could reasonably find that because the contempt finding was so unwarranted and such an abuse of discretion and because it caused Ms. Clifton's absence from the trial, that Rodrick was denied his right to a public trial in the actual guilt phase of the proceeding too and not just the post-trial proceedings.

That attempt to shift gears by extending his claim of a Sixth Amendment violation from his post-trial and sentencing proceedings to encompass his trial as well runs directly afoul of the O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) requirement that any habeas claim must be exhausted by raising it through one complete round of state court appellate review. That attempted stretch is directly belied by Doxy's disclaimer in his brief before the Illinois Appellate Court (Petition Ex.J at 3, emphasis in original):

> The State re-characterizes Rodrick's argument to be that it was the contempt finding of Kamilla Clifton **itself** which served to deny Rodrick Doxy his right to a public trial.
>
> Rodrick made no such argument and, therefore, 99% of the State's Response Brief on this issue is simply inapplicable.

And that disclaimer was reconfirmed in that court's March 23, 2012 order rejecting Doxy's appeal on the issue that he now tenders to this Court (Petition Ex.K at 8-9):

> Defendant argues he was denied his right under the federal and Illinois constitutions to a public trial when the trial court barred his aunt Kamilla Clifton from attending the proceedings. Defendant clarifies that his public trial argument is not based on the trial court's actual finding of contempt and, thus, does not raise any issue concerning standing. Instead, defendant's public trial argument is based on the "lifetime ban" the trial court imposed on Clifton after her contempt proceeding was held. According to defendant, the trial court prohibited Clifton from ever entering the criminal court building again and consequently from attending defendant's posttrial proceedings.

So Doxy's attempt to transmute his habeas claim at this point is barred by procedural default, with no showing having been made of either cause and prejudice or a fundamental miscarriage of justice. This opinion turns then to examination of Doxy's claim as it really is.

In that respect Doxy clearly flunks the mandate of Section 2254(d)(1) that the adjudication of his habeas claim must have "resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as

5

determined by the Supreme Court of the United States."[2]  For one thing, the Supreme Court has never held that the word "trial" in the Sixth Amendment's guaranty of a "public trial" includes post-trial or sentencing proceedings (which are at issue here).  More than a half-century ago Pollard v. United States, 352 U.S. 354, 361 (1957) assumed arguendo that sentencing would be part of the "trial," but that reservation of the issue for Supreme Court purposes has never been revisited since.

That being so, this Court finds particularly compelling the studied analysis by Judge Jose Cabranes for the panel in United States v. Ray, 578 F.3d 184, 194-99 (2d Cir. 2009), which found the Sixth Amendment's "speedy trial" guaranty inapplicable to sentencing.  That conclusion was based on a careful and detailed inquiry into the original meaning of the word "trial," and this Court sees no rational predicate for giving that word two separate and distinct meanings when the Sixth Amendment speaks of both a "speedy and public trial" (see also Hicks v. Wilkinson, 781 F.Supp.2d 350,360 (W.D. La. 2011), also rejecting the Sixth Amendment's use of "trial" as encompassing such a post-trial

---

[2]  It is obvious from the background set out earlier in this opinion that the other branch of potential habeas relief described in Section 2254(d)(2), under which the state court's adjudication must have "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," is not implicated at all here.  Accordingly that alternative requires no discussion.

6

proceeding as a sentencing).

That alone should suffice to defeat Doxy's current claim. But there is more--remember that multiple family members--Doxy's mother, sister, stepfather and another aunt--<u>were</u> present throughout the hearing on Doxy's motion for new trial and his sentencing. On that score the respondent Warden urges persuasively that any holding that the trial judge's exclusion of Clifton alone--an exclusion caused by her direct flouting of the judge's unambiguous directive--somehow deprived those proceedings of their "public" nature would trivialize the Sixth Amendment's guaranty. And that approach has been supported by such Court of Appeals decisions as <u>Gibbons v. Savage</u>, 555 F.3d 112, 119-21 (2d Cir. 2009), <u>United States v. Perry</u>, 479 F.3d 885, 890-91 (D.C. Cir. 2007) and <u>Carson v. Fischer</u>, 421 F.3d 83, 93-94 (2d Cir. 2005).[3]

## Conclusion

Respondent's submission in compliance with Section 2254 Rule 5 has brought into play, on more than one ground, the provision of Section 2254 Rule 4 that "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to

---

[3] Note that the language of Section 2254(d)(1) treats any Court of Appeals decision that sets a <u>higher</u> hurdle than "clearly-established federal law" as determined by the Supreme Court as not meeting the statutory standard for habeas relief. By contrast, Court of Appeals' decisions such as those just cited in the text <u>are</u> relevant in demonstrating that the Supreme Court has not ruled in a fashion inconsistent with those decisions.

relief in the district court." That being so, the same Rule 4 dictates that "the judge must dismiss the petition and direct the clerk to notify the petitioner." This Court does so.

_____
Milton I. Shadur
Senior United States District Judge

Date: November 13, 2013